# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DIANE WILLIAMS,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No.  6:04-cv-406-Orl-28DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**MOTION TO REOPEN THE CASE (Doc. No. 11)**
>
> **FILED:**　July 23, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice**.

> **MOTION:**　**MOTION TO AFFIRM COMMISSIONER'S DECISION (Doc. No. 12)**
>
> **FILED:**　July 23, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

The Commissioner files the instant motions to reopen the case and affirm the administrative decision *four years* after the decision was rendered (*See* Doc. No. 12-2). It appears that Defendant has lost track of Plaintiff in the interim, as the motions reflect that her last known address is now no longer accurate. Complicating matters further, Plaintiff's suit in this Court was filed by an attorney who has been suspended from the practice of law by the Florida Bar and thus, no longer eligible or authorized to act on Plaintiff's behalf.[1] Moreover, as reflected in the administrative decision, it appears that the basis of Plaintiff's disability includes significant evidence of mental illness (the ALJ found Plaintiff to have the severe impairments of paranoid schizophrenia, a psychotic disorder and an affective disorder) such that even if the Commissioner was able to locate her,[2] it is not likely that she would be necessarily competent to represent her own interests in this matter. The record is silent as to whether a representative payee (or other guardian) was appointed (by Defendant or by any court or agency with authority to do so); nor is it clear if the Commissioner has tried to locate Plaintiff through the attorney who represented her at the agency level.[3] While the administrative decision is fully favorable to Plaintiff (reflecting that she has been under a disability since her amended alleged onset date), and thus not likely to prejudice her if the relief sought was granted, the Court is loathe to act in her absence, or in the absence of anyone competent to represent her.

---

[1] The Court assumes that this is the cause of the delay in that, considering that the decision is fully favorable to Plaintiff, Plaintiff's counsel would normally be the one to move to reopen the case and affirm the decision, as a pre-requisite to seeking attorney's fees, if for no other reason.

[2] The Court finds counsel's statement that she is not aware of any way to contact Plaintiff to be puzzling. Certainly, as benefits were awarded, they are presumably being paid to someone, either Plaintiff or a designated representative payee. It would seem to follow that Defendant would have a record of such payments, which would include an address or contact information regarding Plaintiff.

[3] The administrative decision reflects that Plaintiff was represented by attorney Richard A. Schwartz (Doc. No. 12-2 at p. 8).

It is therefore **respectfully recommended** that the motion to reopen and the motion to affirm be **denied, without prejudice to renewal**, upon the filing by the Commissioner of a statement verifying that Defendant has exhausted all methods of contacting Plaintiff, including contacting Plaintiff's attorney at the administrative level, searching its own payment of benefit records, contacting any representative payee that may have been appointed for Plaintiff, and contacting the Inventory Attorney appointed by this Court to handle the cases originally filed by Mr. Gautier. If counsel is able to locate Plaintiff or her attorney, the motions should be promptly renewed, presumably upon a joint basis. If counsel is unable to locate Plaintiff or her attorney, the verification will provide ample assurance that due process was reasonably afforded, and the motions may be renewed upon that basis.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 7, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy