# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DIANE WILLIAMS,**

        **Plaintiff,**

**-vs-**                                 **Case No. 6:04-cv-406-Orl-28DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO AFFIRM COMMISSIONER'S DECISION (Doc. No. 15)**
>
> **FILED:**      **June 19, 2009**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This Court previously ordered remand of this matter, pursuant to sentence six of 42 U.S.C. § 405(g) and 1383(c)(3), for further administrative proceedings (Doc. No. 10). The district court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. *Jackson v. Chater*, 99 F.3d 1086 (11th Cir. 1996). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726 (11th Cir. 1983). After a

sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. *Jackson*, 99 F.3d at 1095.

According to the Commissioner in the instant motion, those proceedings have concluded and resulted in a decision that is fully favorable to the Plaintiff. The Commissioner seeks to reopen the case in order to enter judgment in Plaintiff's favor. In view of the Court's concerns about due process, Inventory Attorney Sarah Bohr was appointed to represent Plaintiff's interest, and has filed a paper indicating no objection to the relief sought (Doc. No. 18). As the parties are in agreement and the Court finds the motion has merit, it is therefore **respectfully recommended** that the motion be **granted**. If the District Court adopts this recommendation, the case should be reopened; the Court should issue a finding affirming the final decision of the Commissioner issued subsequent to the remand Order; and the Clerk should be directed to enter judgment in favor of Plaintiff, and to close the case following entry of judgment.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 31, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy